**SO ORDERED.**

**SIGNED this 07 day of February, 2011.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

Opinion designated for on-line use but not for print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In Re: | |
|---|---|
| EDWARD THOMAS JOHNSON, | CASE NO. 09-22874 |
| DEBTOR. | CHAPTER 7 |
| CLUNE COMPANY, LC, | |
| PLAINTIFF, | |
| v. | ADV. NO. 09-6165 |
| EDWARD THOMAS JOHNSON, | |
| DEFENDANT. | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS
AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO
SERVE DEBTOR'S ATTORNEY**

This adversary proceeding is brought by Clune Company, LC (hereafter "Plaintiff") objecting pursuant to 11 U.S.C. § 523(a)(2)(B) to Defendant Edward Johnson's (hereafter "Debtor") discharge of a claim for approximately $169,469.42 arising out of Debtor's alleged guaranty of a prepetition lease of restaurant equipment by Clune to Sushi Seven, Ltd, a restaurant owned by Debtor. The matters under advisement are the Debtor's Motion to Dismiss for Insufficiency of Service of Process (hereafter "Motion to Dismiss") and Plaintiff's Motion for Extension of Time to Serve Defendant's Attorney per Rule 7004(g) (hereafter "Motion for Extension of Time"). Debtor appears by Cynthia F. Grimes, of Grimes & Rebein, L.C.. Plaintiff Clune appears by Michael P. Gaughan and Wendee N. Elliott-Clement, of South & Associates, P.C.. There are no other appearances. The Court has subject matter jurisdiction.[1]

**FINDINGS OF FACT.**

The following facts are undisputed. Debtor filed a voluntary petition under Chapter 7 on September 1, 2009. The Complaint objecting to discharge was filed on November 30, 2009, the last date on which objections could be timely filed. The certificate of service attached to the Complaint shows that a copy of the Complaint was served on Debtor's attorney and the Chapter 7 Trustee, through the Electronic Court

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). There is no objection to venue.

Filing system on the date entered on the court's docket.  On December 22, 2009, Plaintiff Clune requested that a summons be issued for service on Debtor.  On December 23, 2009, Plaintiff filed an amended request for a summons to issue for service on Debtor.  The clerk issued the summons on December 23, 2009.  On January 14, 2010, Plaintiff filed a second amended request for summons to issue for service on Debtor.  The clerk issued the requested summons on January 15, 2010.  The summons was served by regular mail on Debtor on January 15, 2010.  No summons was issued or served on Debtor's counsel.

After extensions, Debtor's answer was timely filed on March 3, 2010.  In paragraphs 27 and 28, Debtor alleges that the Complaint should be dismissed for failure of service of process and insufficient service of process.  Thereafter, counsel for Plaintiff and Defendant jointly submitted a report of the parties' planning meeting.  The report provides that all dispositive motions shall be filed by September 30, 2010.

Debtor's Motion to Dismiss for insufficiency of service of process was filed on September 8, 2010.  On the same date, Plaintiff Clune filed a response and also the Motion for Extension of Time.  Debtor filed his objection to Plaintiff's Motion for Extension of Time on September 20, 2010.  In the objection, Debtor's attorney states that in addition to asserting the service of process defense in the answer, she "orally advised Plaintiff's counsel at the scheduling Conference on April 21, 2010 that there was a service of process issue, and then again on July 2, 2010 by email."[2]

---

[2] Doc. 26.

**CONCLUSIONS OF LAW.**

This case concerns the requirements of the Federal Rules of Bankruptcy Procedure (hereafter "Bankruptcy Rule") for service of process in adversary proceedings against a debtor. Bankruptcy Rule 7004(a) provides that Federal Rule of Civil Procedure 4(c)(1) applies in adversary proceedings. That federal rule provides that "a summons must be served with a copy of the complaint" and that the "plaintiff is responsible for having the summons and the complaint served within the time allowed by Rule 4(m)." Bankruptcy Rule 7004(b)(9) provides for service by first class mail upon a debtor. Subsection (g) of Bankruptcy Rule 7004 requires service upon the debtor's attorney as follows:

> (g) Service on debtor's attorney. If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) F. R. Civ. P.

The requirement of service of process on both the Debtor and the Debtor's attorney has been interpreted as mandatory. As stated by the Seventh Circuit, "The Rule requires that both the debtor and the attorney be served. If either one is not served, then the service is insufficient."[3] The giving of notice of filing through the Electronic Court Filing system to Debtor's counsel is not sufficient.

---

[3] *Bak v. Vincze (In re Vincze)*, 230 F.3d 297, 299 (7th Cir. 2000) (interpreting Bankruptcy Rule 7004(b)(9) before the 2006 amendment removing the requirement of service on the debtor's attorney from subsection (b)(9) and placing it in subsection (g)); *see Javurek v. Wadsworth (In re Wadsworth)*, 200 B.R. 915 (D. Kan. 1996) (affirming dismissal of adversary complaint where service was made on debtors' attorney, but not on debtors).

As to the time by which service must be accomplished, Bankruptcy Rule 7004(a)(1) incorporates Federal Rule 4(m). It establishes a 120 day time limit for service, with provision for extension by court order. The rule provides:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Tenth Circuit has construed Federal Rule 4(m) as providing for a mandatory extension of time if good cause is shown and permitting a discretionary extension even in the absence of good cause.[4] Courts are directed to proceed as follows:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service . . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.[5]

"The plaintiff who seeks to rely on good cause . . . must show meticulous effort to comply with the rule."[6] The factors to consider when evaluating whether to grant a discretionary

---

[4] *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995).

[5] *Id*. at 841.

[6] *Tony Divino Enterp. v. Langston (In re Langston),* 319 B.R. 667, 670 (D. D. Utah 2005).

5

extension are not authoritatively established.[7] It has been said that "[s]uch an extension is particularly appropriate where defendant has not been prejudiced by the delay of service and the statute of limitations might bar any refiled action."[8] On the other hand, discretionary extensions have been denied even though the statute of limitations would bar refiling after dismissal.[9]

In this case, it is undisputed that, although Debtor was properly served, service has not been made on Debtor's attorney. The 120 days within which such service was required expired on March 30, 2010, before the Motion to Dismiss was filed. Bankruptcy Rule 2004 therefore requires dismissal, unless the 120 days is extended by the Court pursuant to Plaintiff's Motion for Extension of Time. Plaintiff makes no effort to show good cause, so the Court considers the Motion for Extension of Time as requesting discretionary extension. In support of extension, Plaintiff argues that both Debtor and his attorney have been aware of and participated in the law suit, Debtor would not be prejudiced by an extension, and Plaintiff would be prejudiced if an extension is not granted since the period of time for filing objections to discharge has expired. Debtor responds that Plaintiff first had notice of the defect well within the 120 day period to

---

[7] *See Id.*, *Menges v. Menges (In re Menges)*, 337 B.R. 191, 194 (Bankr. N.D. Ill. 2006).

[8] *Spiess v. Meyers*, 483 F. Supp.2d 1082, 1097 (D. Kan. 2007).

[9] *E.g., Langston*, 319 B.R. at 667; *Bradley v. Frito Lay, Inc.*, 2008 WL 695224 (D. Kan. 2008); *Smyers v. County of Atchison, Kansas*, 2008 WL 4822062 (D. Kan. 2008).

6

Case 09-06165    Doc# 29    Filed 02/07/11    Page 6 of 9

accomplish service, had additional notice after that date, but failed to either obtain service or move for additional time until the motion to dismiss was filed.

When considering whether to grant Plaintiff's motion, the Court first considers the consequence of the service defect in light of the purposes of the applicable rules. The failure of process in this case is not a due process issue; Debtor was timely and properly served. The defect is failure to serve process on Debtor's attorney. The Court surmises that the Bankruptcy Rules require service of process on Debtor's attorney to avoid the possibility that a Debtor, represented by counsel in the bankruptcy case, could be served with process in an adversary proceeding, without counsel's knowledge, setting up conditions for a default judgment if the Debtor did not respond. To allow an extension of time in this case would not compromise that purpose, since Debtor's attorney had notice of the filing, possibly because she was served with a copy of the Complaint through the electronic filing system when the Complaint was filed, and has participated in the litigation of this case. The purpose of the 120 limit of Federal Rule 4(m), to avoid the prosecution of stale law suits, also has not been compromised. The litigation has not been delayed because the 120 day limit for service on Debtor's attorney has not been satisfied.

Next, the Court considers the conduct which gave rise to Motion for Extension of time. The conduct of Plaintiff's counsel provides ample reason to deny the motion. Even though being provided with notice of a service issue in the answer filed on March 5, 2010 (24 days before the expiration of the 120 day deadline), being orally advised of the issue at the Scheduling Conference on April 21, 2010, and again being advised by e-mail on July

7

2, 2010, counsel did nothing to cure the problem until filing the Motion for Extension of Time in response to the Motion to Dismiss on September 8, 2010. By this time, more than 10 months had elapsed since the filing of the Complaint, and the 120 day deadline was 153 days in the past. The rule requiring service on Debtor's attorney is clear and unambiguous. Plaintiff's attorney provides no justification for this conduct, leaving the Court to conclude that counsel did not take the obligation to effectuate proper service seriously.

On the other hand, if the Motion for Extension is not granted, the consequences to Plaintiff would be draconian - the objection to discharge would be dismissed and could not be refiled. In this Court's judgment, such a severe result is not justified by the circumstances of this case. The insufficiency of service is technical, since Debtor's attorney obviously had notice of the filing of the adversary case. Debtor's attorney has fully participated in the case, requesting and obtaining extension of time to answer, participating in the Rule 26(f) disclosure statement, and appearing at the status conference. Debtor can point to no harm resulting from the failure. The litigation has not been delayed. If the Court were to deny the Motion for Extension, Debtor would receive the "gift" of avoiding litigation of an objection to discharge solely because of error of Plaintiff's counsel. It is the Court's preference that cases be decided on the merits when possible.

The Court therefore concludes that given the circumstances of this case the better result is to grant Plaintiff's Motion for Extension of Time. Plaintiff shall have 30 days

8

from the date of the signing this order to serve Debtor's attorney in the manner prescribed by Bankruptcy Rule 7004.

**CONCLUSION.**

For the foregoing reasons, the Court denies Debtor's Motion to Dismiss and grants Plaintiff Clune's Motion for Extension of Time. Plaintiff shall have 30 days from the date of the signing of this order to serve Debtor's attorney in the manner prescribed by Bankruptcy Rule 7004.

**IT IS SO ORDERED.**

###